IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FREDERICK GASTON BROWN, JR.,<br><br>Defendant. | Case No. 2:90-cr-149-3 |

## OPINION & ORDER

Before the Court is Defendant Frederick Gaston Brown, Jr.'s Motion to Appoint Counsel (ECF No. 177) and Motion for Compassionate Release (ECF No. 172). For the reasons stated below, the motions are **DENIED.**

### I. BACKGROUND

The defendant pleaded guilty to three counts of Armed Bank Robbery in violation of 18 U.S.C. § 2113(d), and three counts of Use of a Firearm in the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1). ECF No. 174 at 1 (SEALED). The Honorable John A. MacKenzie, to whom this case was previously assigned, imposed a 96-month sentence for the first robbery, a 96-month sentence for the second robbery, and a 60-month sentence for the use of a firearm—a total of 252 months of incarceration. Judgment, *United States v. Brown*, No. 90-cr-149-3, at 2.

The defendant filed a *pro se* motion for compassionate release on May 30, 2023, and a motion to appoint counsel on July 20, 2023. ECF Nos. 172, 177. The Honorable Robert G. Doumar, to whom this case was previously assigned, ordered the

government to respond to the motion for compassionate release. ECF No. 173. The government filed a response in opposition on July 29, 2023. ECF No. 178.

## II. LEGAL STANDARD

### A. Exhaustion

Before a court may consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the defendant must exhaust their administrative rights to appeal the Bureau of Prisons' failure to bring a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). Alternatively, once 30 days have passed after the defendant has requested relief from the warden of their facility, the defendant may file a motion with the court as though they had exhausted their administrative remedies. *Id.*; *see United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (clarifying that defendants may satisfy the exhaustion requirement by waiting 30 days from the date of their initial request to file a motion in the district court, even if the warden has already responded to their request). The exhaustion requirement "is a non-jurisdictional claim-processing rule" and therefore "may be waived or forfeited." *Muhammad*, 16 F.4th. at 130.

### B. Merits

A court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the sentencing factors in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *See United States v. Hargrove*, 30 F.4th 189, 197–98 (4th Cir. 2022). The overarching purpose of the compassionate release mechanism guides district courts' consideration:

> When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other.

*Id.* at 197. Courts in this district have generally considered the defendant's arguments regarding extraordinary and compelling reasons for sentence reduction first, then balanced the outcome of that analysis against the sentencing factors set forth in 18 U.S.C. § 3553(a). *E.g.*, *United States v. Ogun*, No. 4:12-cr-4, 2023 WL 2207114, at *7 (E.D. Va. Feb. 24, 2023).

### i. *Extraordinary & Compelling Reasons*

The Court may reduce a prisoner's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if it finds "extraordinary and compelling reasons" to do so. The prisoner bears the burden of demonstrating such reasons. *See Hargrove*, 30 F.4th at 195.

The Sentencing Commission has promulgated a policy statement, U.S.S.G. § 1B1.13, which attempts to define what may constitute "extraordinary and compelling reasons." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). The Sentencing Commission recently amended the policy statement. Effective November 1, 2023, the amended policy statement provides a non-exhaustive list of extraordinary and compelling reasons for reducing a sentence:

 (1) the medical circumstances of the defendant, U.S.S.G. § 1B1.13(b)(1);

 (2) the age of the defendant, *id.* § 1B1.13(b)(2);

 (3) family circumstances of the defendant, *id.* § 1B1.13(b)(3);

 (4) whether the defendant was a victim of abuse while incarcerated, *id.* § 1B1.13(b)(4);

 (5) "other reasons," *id.* § 1B1.13(b)(5); or

 (6) an unusually long sentence, if the defendant meets certain conditions, *id.* § 1B1.13(b)(6).

The policy statement provides that an unusually long sentence may constitute an extraordinary and compelling reason for a reduction when a change in the law "would produce gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," provided that the defendant "has served at least 10 years of the term of imprisonment." U.S.S.G § 1B1.13(b)(6).

The policy statement also clarifies to what extent rehabilitation of the defendant can be considered in the extraordinary-and-compelling-reason analysis. U.S.S.G. § 1B1.13(d). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for the purposes of this policy statement;" however, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

### ii.     18 U.S.C. § 3553(a) Factors

After completing the "extraordinary and compelling reasons" analysis, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mumford*, 544 F. Supp. 3d 615, 617–20 (E.D. Va. 2021). Even if the Court finds "extraordinary and compelling reasons" to reduce a petitioner's sentence, the Court may ultimately deny a motion for compassionate release if its analysis of the 18 U.S.C. § 3553(a) factors counsels against release. *Id.* Those factors are:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed—

    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established [by the Sentencing Commission];

(5)  any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in U.S.S.G. § 3742(g)];

5

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III. ANALYSIS

### A. Motion to Appoint Counsel

There is no constitutional right to counsel to seek a sentence reduction under 18 U.S.C. § 3582(c). *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.") (citation and quotation marks omitted). The defendant requests that the Court appoint him counsel to "coordinate the legal complexities associated with facilitating an immediate release." ECF No. 177 at 1. He further asserts that his brain and mental state [are] diminishing but through prayer and meditation he has remained focus[ed]." *Id.* It is the Court's view that the defendant has adequately communicated the grounds for his request, and justice is not impaired by the defendant's lack of counsel. *See, e.g.*, *United States v. Burrell*, No. 3:04-cr-64, 2023 WL 7726404, at \*7 (E.D. Va. Nov. 15, 2023); *United States v. Robertson*, No. 3:08-cr-233, 2012 WL 12973548, at \*1 (E.D. Va. Jan. 12, 2012), *aff'd*, 474 F. App'x 150 (4th Cir. 2012). Therefore, the appointment of counsel is not warranted.

6

**B.     Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)**

*i.*     **Exhaustion**

The defendant filed a request for compassionate release with the warden of his facility, which the warden denied on May 15, 2023. ECF No. 172-1 at 2. He filed the instant motion for compassionate release on May 30, 2023. ECF No. 172. Thus, the defendant has exhausted his administrative remedies.

*ii.*    **Merits**

*a.     Extraordinary & Compelling Reasons*

The defendant argues that he qualifies for a sentence reduction because (1) an "unjustifiably lengthy sentence"[1] caused by stacking his § 924(c) convictions, (2) the harsh conditions caused by the COVID-19 pandemic, and (3) his rehabilitation efforts are extraordinary and compelling reasons that warrant a reduction in his sentence.

---

[1] The defendant maintains that he "never sustained any credit for assisting authorities in the prosecution" of his co-defendant. ECF No. 172 at 2. As an initial matter, the defendant is not entitled to a lower sentence on the basis of providing assistance to the government—such a variance is entirely discretionary. But the record before this Court suggests that the defendant did receive a benefit for his cooperation. As will be discussed, the defendant faced three consecutive mandatory minimum sentences, and Judge MacKenzie consolidated those offenses into one. As a result, those three mandatory minimum sentences—totaling 540 months or 45 years—were not imposed. The government did not appeal the failure to impose the mandatory consecutive sentences. *See U.S. v. Boone*, No. 91-5590, 1993 WL 192531, at *1 (4th Cir. June 8, 1993). However, the government did appeal the district court's failure to impose the mandatory consecutive sentences in his co-defendant's case. *Id.* Because Judge MacKenzie did not impose the mandatory sentences that § 924(c) required at the time, the defendant received a substantially lower sentence than the law actually allowed.

7

ECF No. 172 at 2. For the reasons stated below, the Court finds that none constitute extraordinary and compelling reasons justifying his release.

First, the defendant's § 924(c) sentences were not "stacked."[2] The Court certainly understands why the defendant has the mistaken belief that his convictions were "stacked"—he was charged with three violations of § 924(c)(1). But "stacking" does not simply refer to charging multiple violations. Before the First Step Act, federal prosecutors could "stack" multiple violations of § 924(c) for sentencing because a first and "second or subsequent" offense could be charged at the same time. *See United States v. Brown*, 78 F.4th 122, 130 (4th Cir. 2023). As a result, a defendant charged with three counts under § 924(c) in the same case—like the defendant in this case who used a firearm to rob three banks—would face a five-year mandatory minimum for the first violation, a 20-year mandatory minimum for the second violation, and another 20-year mandatory minimum for the third violation, with each sentence running consecutively. *See* ECF No. 174 at 1. Thus, "stacking" refers to compounding mandatory minimum *sentences*, not simply being charged in one case with multiple violations of the same statute.

In this case, it is factually impossible for the defendant's sentence to have resulted from "stacked" § 924(c) convictions. Judge MacKenzie consolidated Counts

---

[2] The Fourth Circuit has recognized that the defendant's sentences were not stacked. *U.S. v. Boone*, No. 91-5590, 1993 WL 192531, at *4 (4th Cir. June 8, 1993) (unpublished). On appeal, the defendant argued that the district court should have departed downward in recognition of his cooperation. *Id.* at *4. However, he ultimately withdrew his appeal after "it was pointed out to him . . . that three mandatory consecutive sentences for the [§ 924(c)] convictions were not imposed by the district court against him." *Id.*

8

7, 13, 19—the three § 924(c) convictions—into one offense and sentenced the defendant to 60 months of incarceration. Judgment, *United States v. Brown*, No. 90-cr-149-3, at 2. If the defendant's sentences were stacked, he would have received 60 months for the first violation, 240 months for the second, and 240 months for the third—a total of 540 months or 45 years. *See* ECF No. 174 at 1.

Further, if the defendant were sentenced today, he would be subject to three mandatory consecutive 60-month sentences for a total of 180 months. 18 U.S.C. § 924(c)(1)(A)(i); 18 U.S.C. § 924(c)(1)(D) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person."). Not only did Judge MacKenzie decline to stack the defendant's § 924(c) convictions, but he also opted to consolidate them into one offense subject to one mandatory 60-month sentence. Thus, the defendant received a substantially *lower* sentence than he would receive if he were sentenced today.

Second, the circumstances of the COVID-19 pandemic do not constitute extraordinary and compelling reasons to reduce the defendant's sentence.[3] The

---

[3] To the extent that the defendant is arguing that his medical circumstances constitute extraordinary and compelling reasons, he has not met his burden to establish an imminent risk of contracting a severe case of COVID-19. *See* U.S.S.G. § 1B1.13(b)(1)(D)(i–iii). The defendant is currently incarcerated at FCI Schuykill. ECF No. 178 at 2; BOP, *BOP Inmate Locator*, https://perma.cc/R5CE-S8MJ (last accessed Apr. 16, 2024). To date, there are zero "open cases" of COVID-19 and no additional COVID-related deaths at that facility, which indicates that there is no ongoing outbreak or an imminent risk of one. BOP, *BOP COVID-19 Statistics,* https://perma.cc/B8XF-SRLR (last visited Apr. 16, 2024).

9

defendant avers that the conditions of his confinement during COVID-19 have had an adverse impact on his physical and mental health. ECF No. 172 at 4. Among other issues, the defendant highlights commissary shortages and poor ventilation resulting in high temperatures within the prison. *Id.* The severity of the conditions of confinement because of the COVID-19 pandemic are certainly a point of concern, and the Court does not take the defendant's argument lightly. However, the defendant has not demonstrated that these "conditions [were] so deficient, or that the impacts upon him were so unusually severe, as to establish . . . extraordinary and compelling reasons" for release arising from his experience during the COVID-19 pandemic. *United States v. Curtin*, No. 14-cr-467, 2023 WL 8258025, at *2 (D. Md. Nov. 29, 2023). And as of May 11, 2023, there is no longer a federal public health emergency regarding COVID-19.[4]

Finally, the defendant's record of rehabilitation does not constitute an extraordinary and compelling reason for release. The Court acknowledges that the defendant has made considerable rehabilitative efforts while incarcerated. He has enrolled in educational courses and has a clean behavioral record. ECF No. 172-2 at 4–7; ECF No. 178 at 3. However, the policy statement clarifies that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," but rather "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is

---

[4] *See* Ctrs. for Disease Control and Prevention, *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, https://perma.cc/XY2J-J2C2 (last visited Apr. 16, 2024).

warranted." U.S.S.G. § 1B1.13(d). Here, the defendant has not identified other circumstances that warrant a change in his sentence. Thus, his rehabilitation alone cannot serve as an extraordinary and compelling reason to justify his release.

Accordingly, the Court finds that that the defendant has not met his burden to show extraordinary and compelling reasons that warrant a reduction in his sentence.

### b.  *18 U.S.C. § 3553(a) Factors*

Even if the defendant had demonstrated extraordinary and compelling reasons such that compassionate release might be warranted, the factors enumerated in 18 U.S.C. § 3553(a), when viewed in light of the defendant's circumstances as discussed above, counsel against relief.

The "nature and circumstances of the offense" for which the defendant was convicted are serious. Together with his co-defendants, the defendant broke into several banks armed with a sawed-off shotgun and stole a total of $28,552. ECF No. 174 ¶¶ 10–15. Given the "seriousness of the offense," the sentence imposed must be sufficient to "promote respect for the law," provide just punishment for the offense," and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2).

As to the "history and characteristics of the defendant," the Court is particularly influenced by the defendant's criminal history. That history is lengthy and includes multiple convictions for assault, robbery, and larceny. ECF No. 174 ¶¶ 20–42. Specifically, the defendant has convictions for other armed bank robberies, (*id.* ¶ 33) and a gunpoint robbery of a gas station (*id.* ¶ 34). This history suggests a lack of respect for the law.

11

The "kinds of sentences available" and the "sentencing range" also counsel against granting compassionate relief. As discussed at length in Part II.B.ii.a, the defendant was subject to a 540-month mandatory minimum. ECF No. 174 at 1. Instead, he received a total sentence of 252 months of incarceration. He is currently scheduled to be released on July 15, 2025.

No single fact in the defendant's background, either positive or negative, swayed the Court's determination as to the 18 U.S.C. § 3553(a) analysis, because the Court—as it must—has looked at the defendant's background as a whole, including whether the passage of time has changed the balance. However, after weighing the facts enumerated in 18 U.S.C. § 3553(a), the Court finds that sentence reduction is not warranted.

## IV. CONCLUSION

Defendant Frederick Gaston Brown's Motion to Appoint Counsel (ECF No. 177) and Motion for Compassionate Release (ECF No. 172) are **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the defendant and to the United States Attorney's Office.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
April 16, 2024

12